**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MERCY MEDICAL CENTER, INC., | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 26-292-BAH |
| FIDELIS SOFTWARE SOLUTIONS, LLC, ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Mercy Medical Center, Inc. ("Mercy") originally brought a breach of contract action against Fidelis Software Solutions, LLC ("Fidelis") and Planned Administrators, Inc. ("PAI") (collectively "Defendants") in the Circuit Court for Baltimore City alleging that Defendants failed to pay medical bills submitted by Mercy at the rates set by the Maryland Health Services Cost Review Commission ("MHSCRC" or the "Commission"). ECF 2.[1] PAI removed the action to federal court. ECF 1. PAI then moved to dismiss the complaint, ECF 9, which the Court granted, ECF 19. Fidelis has not yet been served. Pending before the Court is Mercy's motion to the amend the complaint and to extend the time for service on Fidelis ("the motion"). ECF 20. PAI filed a response in opposition. ECF 23. Mercy has not filed a reply, and the time to do so has expired. *See* Loc. R. 105.2.a (D. Md. 2025). The motion is therefore ripe for review.

The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, the motion is DENIED in part and

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

GRANTED in part. The motion to amend as to PAI will be denied, and PAI will remain dismissed as a defendant in this action. However, the motion to amend as to Fidelis will be granted, and Mercy will be directed to effect service on Fidelis within 10 days of the date of this decision.

## I. **BACKGROUND**

The Court assumes familiarity with its prior memorandum opinion dated July 30, 2026, adjudicating PAI's motion to dismiss. *See* ECF 18.[2] Mercy alleges that Fidelis provides health insurance to its employees and that PAI serves as the claims administrator for the Fidelis insurance plan ("the Fidelis plan"). ECF 20-3, at 3–4 ¶¶ 7–8. Mercy contends that, after Mercy provided inpatient healthcare services to the minor dependent of a Fidelis plan participant, Defendants failed to reimburse Mercy at Mercy's desired rate. *Id.* at 4 ¶¶ 9, 14. Mercy maintains that the rate of reimbursement Defendants owe is controlled by the MHSCRC, which is "a program of the state of Maryland that seeks to reduce and stabilize health care cost claims within the state." *Id.* ¶ 11. Plaintiff alleges that PAI paid them a reduced rate and "justified the[] reductions by stating that the bills were audited at a lower rate set by the [M]HSCRC." *Id.* at 5 ¶ 15.

The Court previously dismissed PAI as a defendant in this matter due to Mercy's failure to state a claim for breach of contract. ECF 19. Mercy now moves to amend its complaint and to extend the time for service on Fidelis. ECF 20. PAI filed a response in opposition, ECF 23, to which Mercy did not reply. Mercy's proposed amended complaint brings three counts, seeking declaratory judgment and relief under ERISA. *See* ECF 20-3, at 5–9 ¶¶ 19–43.

[2] Also available at *Mercy Medical Center, Inc. v. Fidelis Software Solutions, LLC et al.*, Civ. No. BAH-26-292, 2026 WL 2199286 (D. Md. July 30, 2026).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 15

"[A] district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011). However, "[t]o determine whether vacatur is warranted," the court need not apply the standards from Rule 59 or 60—rather, "[t]he court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." *Id.*

Under Rule 15 of the Federal Rules of Civil Procedure, courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While it is within the discretion of a district court to deny leave to amend, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons that justify denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* The Fourth Circuit has explicitly directed trial courts "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Ultimately, the decision to grant or deny leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006).

"There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion." *Aura Light US Inc. v. LTF International LLC*, Civ. Nos. GLR-15-3198, GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017) (citing *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). "Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to

amend would be futile." *Id.* Instead, the Court applies a "much less demanding standard." *Id.* "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

**B. Federal Rule of Civil Procedure 4(m)**

Federal Rule of Civil Procedure 4(m) sets the deadline for service of process as 90 days, after which "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, Rule 4(m) also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

"Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). "Consistent with that foundational principle, good cause is commonly found to 'exist[ ] when the failure of service is due to external factors, such as the defendant's intentional evasion of service,' but 'significant periods of inactivity' and a fail[ure] to seek extension of time before [the] deadline [has] lapsed' tend to undercut any claim of good cause." *Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022) (alteration in original) (quoting *Attkisson*, 925 F.3d at 627). However, even absent a showing of good cause, "a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons." *Id.* at 220.

**III. <u>ANALYSIS</u>**

**A. Motion for Leave to Amend**

Mercy seeks leave to amend its complaint pursuant to Rule 15(b). ECF 20-2, at 1. Given that Mercy seeks post-judgment amendment, a motion to vacate the Court's order at ECF 19 pursuant to Rule 59(e) or 60(b) is also required. *See Katyle*, 637 F.3d 470. Mercy did

not include such a request in its motion. *See generally* ECF 20. However, given that the Court's memorandum opinion and order dated July 30, 2026, indicated its willingness to consider a motion to amend, *see* ECF 18, at 17 n.8; ECF 19, the Court will liberally construe Mercy's motion as including a request to vacate the Court's judgment under Rule 59(e) or 60(b). *See United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022) (encouraging a policy of "resolving cases on the merits, instead of on technicalities" (citations omitted)).[3]

The proposed amended complaint seeks to bring three new claims that the Court has not previously considered. Those claims include Count I, for declaratory judgment; Count II, for benefits pursuant to 29 U.S.C. 1132(a); and Count III, for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3). *See* ECF 20-3, at 5–9 ¶¶ 19–43. Mercy therefore presents a theory of the case that differs from its previous breach of contract claim. *See generally* ECF 2 (original complaint). However, PAI argues that the amended complaint does not address the central deficiency underlying the Court's decision to dismiss the original complaint—"the fundamental lack of any contractual obligation owed to it by PAI, including the absence of any requirement that PAI 'reimburse' Plaintiff at the provider rates set by the Commission." ECF 23, at 3. The Court agrees.

Each of Mercy's proposed counts relies on the underlying assumption that Defendants are under a contractual obligation to reimburse Mercy at the rates set by the MHSCRC. *See* ECF 20-3, at 5–9 ¶¶ 19–43 (seeking declaratory judgment that Defendants "are obligated to reimburse the plaintiff in accordance with Maryland law," and asserting ERISA claims premised on the assumption that the MHSCRC rates control the terms of the Fidelis plan). However, as the Court explained it its prior memorandum opinion, "the Commission *effectively*

[3] However, because the Court's holding does not disturb its earlier order dismissing PAI as a defendant, vacatur is not necessary here.

'sets the rate by which hospitals are reimbursed . . . for services rendered.' But it is not the source of any independent contractual obligation between provider, beneficiary, or plan, as far as this Court can determine." ECF 18, at 13 (emphasis in original) (quoting *United States v. Kernan Hosp.*, 880 F. Supp. 2d 676, 678 (D. Md. 2012)).

Mercy still has not identified authority for its implied proposition that the MHSCRC rate-setting function imposes a contractual obligation between third-party entities, nor does it allege that the Fidelis plan itself includes terms setting the rate of compensation at MHSCRC levels. *See Delmarva Power & Light Co. v. Public Service Comm'n of Maryland*, 803 A.2d 460, 481 (Md. 2002) (describing the Commission's "hospital rate-setting function" but not identifying broader authority to set the terms of third-party contracts); *see also Md. Ass'n of Health Maint. Orgs. v. Health Servs. Cost Rev. Comm'n*, 741 A.2d 483, 487 (Md. 1999) (describing an HMO premium "based, in part, upon rates set by the Commission" but not wholly controlled by the Commission's rates); *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 326 (2d Cir. 2011) (explaining that an insurance plan did "not establish a ceiling . . . on the fee that a provider . . . may charge in order to qualify for reimbursement" and that such "limitations are usually set by separate agreements between providers and . . . the ERISA benefit plan"). Mercy's proposed amendments are therefore futile as to PAI because they fail to account for the reasons the Court previously dismissed PAI as a defendant in this action. *See* ECF 18, at 13 ("The question, then, is what contractual obligation(s) does Mercy allege give(s) rise to Mercy's legal right to reimbursement at a particular rate from PAI? The complaint fails to provide an answer."). Leave to amend the complaint as to PAI is accordingly denied.

However, Mercy has not yet had the opportunity to test any claims against Fidelis. *See Jones v. Mazda Fin. Servs.*, Civ. No. BAH-25-1090, 2026 WL 1256281, at *4 (D. Md. May 7, 2026) (applying a lenient standard in granting leave to amend to "give[ ] effect to the federal

policy in favor of resolving cases on their merits" (quoting *Laber*, 438 F.3d at 426)); *see also Baraya v. Baraya*, No. 3:21-cv-00640-FDW-DSC, 2022 WL 20438186, at *2 (W.D.N.C. Apr. 14, 2022) ("Rule 15 is construed in favor of allowing a plaintiff to amend so that the case is 'resolved on [its] merits instead of dispose[d] . . . on technicalities.'" (quoting *Laber*, 438 F.3d at 426 (alteration in original)). Fidelis and PAI are differently situated in terms of their legal relationship to Mercy, meaning the analysis of these claims against Fidelis, rather than PAI, may differ. PAI explains that

> the Service Agreement between PAI and Fidelis expressly states that 1) Fidelis, not PAI, makes "final decisions with respect to interpretation of the Plan and as to the payment of benefits there under"; and 2) PAI is not a fiduciary of the Plan and its duties under the Plan "are ministerial in nature; and this Agreement does not confer or delegate any discretionary authority or discretionary responsibility to PAI with respect to the administration of the Plan."

ECF 23, at 3 n.3 (citations omitted). Given that this is Mercy's first proposed amendment and there is no perceptible prejudice to Fidelis, since Fidelis has not yet been served and therefore has not borne the burden of litigating this case up to this point, the Court will grant leave to amend as to Fidelis. *See Foman*, 371 U.S. at 182 (directing courts to consider factors including, but not limited to, "repeated failure to cure deficiencies by amendments previously allowed" and "undue prejudice to the opposing party by virtue of allowance of the amendment" when considering whether to grant leave to amend). Mercy will be directed to file an updated amended complaint reflecting that Fidelis is the sole remaining defendant in this action.

**B. Motion to Extend Time for Service**

Mercy seeks to extend the time for service on Fidelis under Federal Rule of Civil Procedure 4(m) and represents that it can effect service "within 10 days of being allowed to do so." PAI understandably takes no position on this aspect of Mercy's motion. ECF 23, at 1 n.1. Mercy explains that it did not serve Fidelis within the timeframe set by Rule 4(m) because present counsel did not become involved in the case until "two days after the Defendant PAI filed its [m]otion to [d]ismiss" and counsel believed at that stage that "serving Fidelis was

inappropriate and would only run up their costs." ECF 20-2, at 1. The Court cannot find good cause for extension based on this apparently unfounded assumption, especially since under this timeline present counsel was involved in the case well before the service deadline, yet failed to affirmatively address it one way or another prior to its lapse. *See Gelin*, 35 F.4th at 218 (noting that "'fail[ure] to seek extension of time before [the] deadline [has] lapsed' tend[s] to undercut any claim of good cause" (quoting *Attkisson*, 925 F.3d at 627)).

However, the Court will exercise its discretion under Rule 4(m) to extend the time for service. *See id.* at 220. In exercising this discretion, federal courts have identified several non-exhaustive factors to consider, including:

> i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's pro se status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been extended.

*Coomes v. Moran*, Civ. No. ELH-22-2639, 2023 WL 3847427, at *4 (D. Md. June 6, 2023) (internal quotations omitted) (quoting *Brodnik v. Harris*, Civ. No. DAF-22-312, 2023 WL 2872684, at *2 (S.D. W. Va. Apr. 10, 2023)); *see also Scovens v. Univ. of Md. Faculty Physicians, Inc.*, Civ. No. JMC-23-1080, 2023 WL 5234966, at *2 (D. Md. Aug. 14, 2023).

Mercy is not pro se, and, as explained above, Mercy neither sought an extension before the deadline nor identified circumstances outside of its control preventing timely service. However, on balance, extension of time to effect service is appropriate here. The Court finds that Mercy acted in good faith in its failure to comply with the service deadline, especially since Mercy timely moved to extend the time for service upon the Court's direction. *See* ECF 19 (directing Mercy to move for any relief related to service within fourteen days of the order's issuance); *see also* ECF 20 (seeking extension of time for service thirteen days later); *Coomes*, 2023 WL 3847427, at *5 ("Plaintiff's attempt to rectify the error by serving process soon after

receiving notice of her failure weighs in her favor."). Additionally, Plaintiffs have not previously sought an extension of time to effect service, and the time they do request—ten days from any decision granting them leave to serve Fidelis—is minimal and will not significantly impact the proceedings of this case. And finally, given that this case remains in an early stage, Fidelis will not be unduly prejudiced by service at this point. *See Braxton v. Chesapeake Urology Associates, LLC*, Civ. No. PX-23-213, 2023 WL 8716862, at *3 (D. Md. Dec. 18, 2023) (exercising discretion to extend the deadline for service where the "case [wa]s in its infancy and the delay in service ha[d] been brief").

## IV. CONCLUSION

For the foregoing reasons, the motion is **DENIED in part and GRANTED in part.** A separate implementing Order will issue.

Dated: October 26, 2026

/s/
Brendan A. Hurson
United States District Judge